IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEBORAH BELINDA JACKSON,

      Plaintiff,

      v.

FORD MOTOR COMPANY and LONG MCARTHUR FORD,

      Defendants.

Case No. 23-4034-JAR-TJJ

## MEMORANDUM AND ORDER

Plaintiff Deborah Belinda Jackson brings this pro se action against Defendants Ford Motor Company ("Ford") and Long McArthur Ford ("Long McArthur"), alleging that she purchased a defective car manufactured by Ford, and that Long McArthur negligently serviced the vehicle and exhibited racial bias toward her. Before the Court is Long McArthur's Motion to Dismiss Plaintiff's Claim (Doc. 17), filed on August 29, 2023. The deadline to respond to this motion was September 19, 2023, but Jackson failed to respond.[1] Therefore, the Court ordered Jackson to show cause in writing, on or before October 13, 2023, why Long McArthur's motion to dismiss should not be granted as uncontested under D. Kan. Rule 7.1(c). On October 11, 2023, Jackson responded to the Order to Show Cause, and attached a response to the motion to dismiss.[2] The reply deadline has elapsed, so this motion is ripe for decision. As explained more fully below, Long McArthur's motion to dismiss is granted. Because the only federal claim alleged in this matter is against Long McArthur, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and therefore dismisses this case in its entirety.

---

[1] *See* D. Kan. R. 6.1(d)(2).

[2] Doc. 23.

## II.     Amended Complaint

In the form Amended Complaint, Jackson purports to allege claims against Defendants for civil rights violations, product liability, personal property damage, and negligence. The only facts she alleges are in the Statement of Claim:

> Ford Motor Company prepared a verv defective car that has had one recall after another and continues to have issues and has not been repaired and has given me a 100,000 mile extended warranty as their way of saying you are stuck with with [sic] this defective vehicle. Long McArthur Ford was negligent in servicing my defective vehicle causing more damages and was racially bias towards me.[3]

Jackson's prayer for relief seeks damages and to return the vehicle. She attaches to her Amended Complaint several exhibits, which appear to be her notes about the dates on which she interacted with Defendants about her vehicle, and emails between her and Defendants' representatives.[4]

## III.    Long McArthur's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

### A.     Legal Standards

Fed. R. Civ. P. 12(b)(6) provides for dismissal of a claim where the plaintiff has failed "to state a claim upon which relief can be granted." To survive a 12(b)(6) motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."[5] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] When evaluating a 12(b)(6) motion to dismiss, the court must accept all facts well-pleaded by the non-

---

[3] Doc. 11 at 3.

[4] The Court considers as part of the Complaint the exhibits attached thereto. *See* Fed. R. Civ. P. 10(c).

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2

moving party as true and must grant all reasonable inferences in favor of the non-moving party.[7] For the court to deny this motion, a plaintiff must state a plausible claim, which requires factual allegations that "raise a right to relief above the speculative level."[8] Legal conclusions couched as factual allegations are not accepted as facts by the court.[9]

Because Jackson proceeds pro se, some additional considerations frame the Court's analysis. The Court must construe Jackson's pleadings liberally and apply a less stringent standard than that which is applicable to attorneys.[10] However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[11] For that reason, the Court will not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues,"[12] nor will it "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[13] The Court need only accept as true the plaintiff's "well-pleaded factual contentions, not [her] conclusory allegations."[14]

**B.     Discussion**

Long McArthur moves to dismiss under Rule 12(b)(6) because the Statement of Claim is insufficient to demonstrate that Jackson is entitled to relief. In her response, Jackson provides further factual details about the damage to her vehicle during service visits, and about Long McArthur's insufficient responses to her complaints. She also contends that Long McArthur

---

[7] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012).

[8] *Twombly*, 550 U.S. at 555.

[9] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

[10] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (citation omitted).

[11] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[12] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citation omitted).

[13] *Whitney*, 113 F.3d at 1173-74.

[14] *Hall*, 935 F.2d at 1110 (citation omitted).

3

employees engaged in discriminatory treatment toward her because of her protected status as a Black female. Specifically, Jackson cites these employees' "demeanor, smirks, whispers, deliberate failed communications, and deliberate racist tendencies" at her service appointments.[15]

Liberally construing the Amended Complaint, Jackson alleges a claim of discrimination in violation of Title II of the Civil Rights Act, which prohibits discrimination in places of public accommodation.[16] The elements of a Title II public accommodation discrimination claim include that Plaintiff:

> (1) is a member of a protected class, (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation, (3) was denied those benefits and enjoyment, and (4) was treated less favorably than similarly situated persons who are not members of the protected class.[17]

Although Jackson refers to her protected status in the response brief, the Amended Complaint does not allege that she is a member of a protected class, that she was denied benefits or enjoyment of a place of public accommodation, or that she was treated less favorably than similarly situated individuals who are not members of the protected class. The fact that she included some of this information in her response is insufficient; the Court must evaluate the facts alleged in the four corners of the Amended Complaint and the reasonable inferences that can be drawn from them.[18]

---

[15] Doc. 23-1 at 2.

[16] 42 U.S.C. §§ 2000a–2000a-6.

[17] *Sussman v. Blazin Wings, Inc.*, No. 2:18-CV-00623-TC-PMW, 2019 WL 4198347, at *3 (D. Utah Aug. 14, 2019) (citing *McCoy v. Homestead Studio Suites Hotels*, 390 F. Supp. 2d 577, 584-85 (S.D. Tex. 2005)), *report and recommendation adopted,* No. 2:18-CV-00623-TC-PMW, 2019 WL 4194156 (D. Utah Sept. 4, 2019).

[18] *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1286 n.1 (10th Cir. 2019) ("[The court] will not consider evidence or allegations outside the four corners of the complaint in reviewing the district court's Rule 12(b)(6) dismissal.").

Moreover, Title II requires a plaintiff to give written notice to the State prior to filing suit if there are available remedies under state law.[19]  Because Kansas prohibits discrimination in all places of public accommodation,[20] Jackson was required to give written notice to the State before filing suit.  Jackson's Amended Complaint fails to allege that she has filed notice with the Kansas Human Rights Commission and then waited at least 30 days before filing this action.[21]

For all of these reasons, Jackson's Amended Complaint fails to allege sufficient facts to support a plausible discrimination claim under Title II of the Civil Rights Act.[22]  Generally, "dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[23]  Moreover, "the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint."[24]

Here, the Court finds that Plaintiff cannot prevail on the facts alleged and that it would be futile to give her an opportunity to amend.  Jackson has already amended her complaint once.  And although she may be able to add some factual content to her pleading, there are no additional facts in her response to the motion to dismiss that would support her claim that she was denied the benefits and enjoyment of a place of public accommodation.  In addition, she has

---

[19] 42 U.S.C. § 2000a-3(c).

[20] K.S.A. § 44-1009(c)(1).

[21] *See* 42 U.S.C. § 2000a-3(c).

[22] *See, e.g.*, *Harris v. Ericson*, 457 F.2d 765, 767 (10th Cir. 1972) (affirming dismissal for failure to comply with § 2000a-3(c)); *Chambers v. Simon Prop. Grp., L.P.*, No. 12-1179-EFM, 2013 WL 1947422, at *3 & n.17 (D. Kan. May 10, 2013) (dismissing Title II claim for failure to allege facts to support elements of the claim and for failure to allege notice under § 2000a-3(c)).

[23] *Gee v. Pacheco*, 627 F.3d 1178 (10th Cir. 2010) (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001)).

[24] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

wholly failed to address Long McArthur's argument that she failed to comply with the administrative exhaustion requirement in Title II. As such, giving her leave to amend this claim is futile.

## IV.     Remaining State Law Claims

The remaining claims against both Defendants in this case arise under state law—product liability, negligence, and property damage. Therefore, the Court lacks federal question jurisdiction under 28 U.S.C. § 1331. Jackson has not sufficiently alleged diversity jurisdiction over the remaining state law claims under 28 U.S.C. § 1332. "Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant."[25] Here, Jackson alleges that she and Long McArthur are both citizens of the State of Kansas. Even though she alleges Ford is a citizen of Michigan, Long McArthur's Kansas citizenship destroys complete diversity.

Having disposed of Jackson's only claim arising under federal law, and having found no basis for diversity jurisdiction, the Court must consider whether to exercise supplemental jurisdiction over Jackson's remaining claims arising under state law. District courts having original jurisdiction to hear federal claims also have discretion to exercise supplemental jurisdiction over state-law claims where the plaintiff can demonstrate that "the claims not within the original jurisdiction of the court form part of the 'same case or controversy under Article III' as their federal claims."[26] Federal and state claims arise from the same "case or controversy" where they "derive from a common nucleus of operative fact."[27]

---

[25] *Grynberg v. Kinder Morgan Energy Partners*, 805 F.3d 901, 905 (10th Cir. 2015) (citations omitted).

[26] *Oltremari by McDaniel v. Kan. Soc. & Rehab. Servs.*, 871 F. Supp. 1331, 1340 (D. Kan. 1994) (quoting *Fasco Indus., Inc. v. Mack*, 843 F. Supp. 1252, 1256 (N.D. Ill. 1994)).

[27] *Id*. (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

While Jackson's state law claims may arise from the same case or controversy as her federal claim, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."[28] The Supreme Court has explained that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."[29] Because this case is in its infancy and Jackson's remaining claims "raise questions of purely state law,"[30] the Court sees no compelling reason to exercise supplemental jurisdiction.[31] Given the Court's independent duty to assure itself of its own jurisdiction, the Court dismisses the remaining state law claims against Ford as well, even though it has not moved to dismiss.[32]

**IT IS THEREFORE ORDERED BY THE COURT** that Long McArthur's Motion to Dismiss Plaintiff's Claim (Doc. 17) is **granted**. The remaining claims are dismissed for lack of jurisdiction. This case is therefore dismissed in its entirety.

**IT IS SO ORDERED.**

Dated: November 1, 2023

---

[28] *Koch v. City of Del City*, 660 F.3d 1228 (10th Cir. 2011) (quoting *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir.1998)).

[29] *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988*); see also Ogles v. Sec. Benefit Life Ins. Co*., 401 F. Supp. 3d 1210, 1228–29 (D. Kan. July 12, 2019).

[30] *Ogles*, 401 F. Supp. 3d at 1229.

[31] *See United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002) (explaining that absent a showing that the parties have already expended a great deal of time and energy on supplemental state-law claims, such claims should normally be dismissed after all federal claims have been dismissed, "particularly when the federal claims are dismissed before trial").

[32] Fed. R. Civ. P. 12(h) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

                <u>S/ Julie A. Robinson</u>
                JULIE A. ROBINSON
                UNITED STATES DISTRICT JUDGE